## Blocher et al. *versus* Hostetter.

1. The opinions of those who surround a man during his last illness, accompanied with the facts on which they are founded, are competent evidence on the question of the physical power of the decedent to execute his will, or to request another to sign it for him. Per LEWIS, J.

2. The presumption of law is, that the will was properly executed, if the decedent, at the time of attempting to sign it, was in sound and disposing mind, and he desired to sign the same, as his last will and testament. Per LONG, J., Com. Pleas, approved by Supreme Court.

ERROR to the Court of Common Pleas of *Lancaster county.*

Daniel Frick, of Manheim township, Lancaster county, on the 12th of May, 1852, was a widower, without children, (having brothers and sisters, and the children of deceased brothers and sisters, owning personal and real estate in said township.

He sent for Dr. H. B. Bowman, on that day, and talked about a will—he was then sitting up at the stove. Bowman then called at Esq. Kurtz's, and requested him to go over and draw Frick's will. He did not go, however, and on Sunday following, the 16th of May, Dr. Bowman visited Frick, and then Frick asked him whether Esq. Kurtz was coming. Dr. B. then asked if he should be sent for, when Dr. B. went to Esq. Kurtz, and told him how Frick wished the will drawn. Kurtz drew it and came over to Frick's with it, read it over to him, section by section, and then explained it in German, whilst Frick was lying down in bed. He then asked him to sign it—set him up in bed, with a pen in his (Frick's) hand, but he could not sign it on account of weakness—they then laid him back in bed, and nothing more was said or done, as to the execution of the will.

Frick was sensible, according to Bowman's testimony, although he only answered questions by yes or no, and said no more.

The will was disputed by the heirs-at-law, and an issue of *devisavit vel non* ordered; and at the trial, a verdict was rendered in favor of John S. Hostetter, a stranger, the sole legatee and devisee, except a small sum to another, establishing the will. To which proceedings this writ of error is now taken.

The defendant requested the court to charge the jury:

1. That the opinion of the witnesses, in reference to the condition of Daniel Frick, are not entitled to weight with the jury, unless supported by the facts and circumstances which they relate.

2. That there is not sufficient evidence in the case, that the alleged testator, by reason of the extremity of his last sickness, was unable to sign the alleged will, or to request some person

[Blocher et al. *v.* Hostetter.]

to sign for him, and the court is requested, under the evidence, so to charge the jury.

3. That, there being no fact proved, going to show that the alleged testator, on account of the extremity of his last illness, was unable to request another person to sign his name, but it appearing that he possessed his mental faculties, and the power of speech, the inference or opinion of any witness, that he was unable to give such direction, is rebutted.

4. That the evidence to sustain the execution of this unsigned will, must be clear, direct, and conclusive, and the requirement of the Act of Assembly fully made out.

5. That if Daniel Frick possessed the use of his mental faculties, and the power of speech, at any time after the alleged will was presented to him by H. H. Kurtz, Esq., the presumption of law arises, that he did not intend the said paper to be his will.

Which the court, LONG, J., answered as follows:

"1. It is necessary that the opinion of the witnesses, in reference to the condition of Daniel Frick, to entitle them to weight, must be supported by the facts and circumstances which they relate, and it is for you to say, from all the facts and circumstances narrated by them, whether they are thus supported.

2. That the evidence produced by the plaintiff was sufficient, in the opinion of the court, to allow the instrument of writing, purporting to be the last will and testament of Daniel Frick, deceased, to go to the jury. That in the opinion of the court, that testimony showed, by the extremity of the last sickness, he was unable to sign the alleged will, or request some person to sign it for him; and unless this presumption is repelled by the defendant, and the jury from the testimony of the defendants, should not come to the conclusion that the testimony of the plaintiff is repelled;—the presumption of law is, that the will was properly executed, provided Daniel Frick, at the time of attempting to sign it, was in sound and disposing mind, and he desired to sign the same, as his last will and testament.

3. That in the opinion of the court, the facts proved by the plaintiff went to show, that the alleged testator, on account of the extremity of his last illness, was unable to sign the paper, or to request another person to sign his name, but if the jury should be of opinion, from all the testimony offered, that the alleged testator, was able to sign the paper purporting to be his last will and testament, so as to give directions to any one else to sign the alleged will for him, at the time the paper was presented to him, or at any time up to his death, and while he possessed sufficient mind to do so; then it would be necessary that the will should have been signed by himself, or by some one for him. In order to support this paper, as the last will and testa-

ment of Daniel Frick, deceased, it must clearly appear to your satisfaction, from the testimony, not only that he had a sound and disposing mind, at the time he attempted to sign the paper, but that he was unable to sign, or give directions to some one else to sign it for him, by reason of physical or mental disability, and that such disability continued up to his death. The inference or opinion of any witness, that he was unable to give such direction, unless supported by the facts and circumstances, should have no weight with you. But if founded upon facts, it should have.

The fourth and fifth points answered in the affirmative, provided Daniel Frick possessed the power of speech to such an extent, as to enable him to direct another person to sign the paper for him."

The answers of the court, to defendant's points, were assigned for error.

*Frazer* and *Mathiot*, for plaintiff in error, cited *Stricker* v. *Grover*, 5 Wharton, 386; *Dunlop* v. *Dunlop*, 10 Watts, 153; *Cavatt's Appeal*, 8 W. & S. 26; *Asay* v. *Hoover*, 5 Barr, 21; *Grabill* v. *Barr*, Id. 441, 446; *Aurand* v. *Wilt*, 9 Barr, 54; *Greenough* v. *Greenough*, 1 Jones, 489; *Harding* v. *Harding*, 6 Harris, 340; *Barr* v. *Grabill*, 1 Id. 396; *Snyder* v. *Bull*, 5 Id. 54, 60.

*Fordney* and *Heister*, for defendant in error, cited *Cavatt's Appeal*, 8 W. & S. 21; *Asay* v. *Hoover*, 5 Barr, 21; *Grabill* v. *Barr*, Ib. 441; *Aurand* v. *Wilt*, 9 Id. 54; *Farley* v. *Ranck*, 3 W. & S. 554; *Hamet* v. *Dundas*, 4 Barr, 178; *Dennis* v. *Alexander*, 3 Id. 50; *Phelin* v. *Kenderdine*, 8 Harris, 354; *Dotts* v. *Fetzer*, 9 Barr, 88; *Hanberger* v. *Root*, 6 W. & S. 431.

The opinion of the court was delivered June 8, 1854, by

LEWIS, J.—This was an issue *devisavit vel non*, &c. The will was neither signed by the testator himself, nor by any one in his presence, by his express direction; and the chief question on the trial was, whether he was prevented by the extremity of his last illness, from performing these acts of authentication. The evidence is clear and full, that the will was prepared in exact accordance with his instructions; that it was read over to him carefully in English, and explained in German; that it was fully assented to by him; that he was greatly reduced by severe illness; that he was raised up in his bed, for the purpose of placing his signature to it; that he took the pen and attempted to form a letter, but was physically unable to do so. The witnesses give a full account of the nature of his illness, and of his death, early the following morning; and they unite in the

[Fisher v. Harrisburg.]

belief, that he continued unable either to sign the will himself, or to request any one to do it for him.  The opinions of those who surrounded him during his last illness, accompanied with the facts on which they were founded, were competent evidence on the question of physical power, and were properly submitted to the jury.  We see nothing in the cause to impair the evidence of his inability to perform the ceremonies of authentication, required by the statute.  His power to answer "*yes*" or "*no*," *when questions were put to him*, is not inconsistent with the want of physical ability for these ceremonies.  The sinking energies of a dying man may be roused into action by an interrogation, so far as to produce a monosyllabical response, long after his power to originate a request of his own has departed. There was no error in the instruction, that the testimony of the plaintiff, if uncontradicted, was sufficient to show that the testator was prevented, by the extremity of his last illness, from signing the will, or requesting another to do it for him.

There is nothing in the will which may enable Dr. Bowman to claim more for his medical services, than he could recover without it.  He had therefore no interest in establishing it, and was properly admitted as a witness.

The other assignments of error do not call for any special notice.  They are not sustained.

Judgment affirmed.